IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN CARLTON WHITMAN,<br><br>Defendant. | CR 18-77-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Justin Carlton Whitman (Whitman) has been accused of violating the conditions of his supervised release. The United States Probation Office filed two Petitions in this matter — Documents 50 and 56. Whitman admitted alleged violations 1-6 in Document 50. The Court dismissed alleged violation 7 in Document 50. The government failed to satisfy its burden of proof with respect to alleged violation 8 in Document 50. Whitman admitted all of the alleged violations in Document 56. Whitman's supervised release should be revoked. Whitman should be placed in custody for 8 months, with 28 months of supervised release to follow. Whitman should serve the first 60 days of his supervised release at Connections Corrections in Warm Springs, Montana. Whitman should serve the

next 180 days of his supervised release in a residential re-entry center at the direction of his probation officer.

## II. Status

Whitman pleaded guilty to being a Prohibited Person in Possession of a Firearm on December 11, 2018. (Doc. 17). The Court sentenced Whitman to 48 months of custody, followed by 5 years of supervised release. (Doc. 33). Whitman's current term of supervised release began on August 24, 2022. (Doc. 56 at 1).

**Petition**

The United States Probation Office filed two Petitions requesting that the Court revoke Whitman's supervised release. (Documents. 50, 56). Document 50 alleged that Whitman had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by failing to participate in substance abuse testing; 3) by committing another crime on two separate occasions; 4) by knowingly associating with a person convicted of a felony on two separate occasions; 5) by failing to provide truthful answers to questions asked by his probation officer; and 6) by failing to follow the instructions of his probation officer. Document 56 alleged that Whitman had violated the conditions of his supervised release: 1) by failing to report for substance abuse treatment; 2) by failing to notify his probation

2

officer of a change in his living arrangements; and 3) by using methamphetamine.

**Initial appearance**

Whitman appeared before the undersigned on June 6, 2023, for his initial appearance on Document 50. Whitman appeared before United States Magistrate Judge Timothy J. Cavan on July 24, 2023, for his initial appearance Document 56. Whitman was represented by counsel. Whitman stated that he had read the petitions and that he understood the allegations. Whitman waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on Document 50 on June 6, 2023, and on August 17, 2023. Whitman admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by failing to participate in substance abuse testing; 3) by committing the crime described in alleged violation 3; 4) by knowingly associating with a convicted felon as alleged in violation 4; 5) by failing to provide truthful answers to questions asked by his probation officer; and 6) by failing to follow the instructions of his probation officer. The Court dismissed alleged violation 7. The government failed to satisfy its burden of proof with respect to alleged violation 8.

3

The Court conducted a revocation hearing on Document 56 on August 17, 2023. Whitman admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse treatment; 2) by failing to notify his probation officer of a change in his living arrangements; and 3) by using methamphetamine. The violations that Whitman admitted are serious and warrant revocation of Whitman's supervised release.

Whitman's violations are Grade C violations. Whitman's criminal history category is VI. Whitman's underlying offense is a Class C felony. Whitman could be incarcerated for up to 24 months. Whitman could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III. Analysis

Whitman's supervised release should be revoked. Whitman should be incarcerated for 8 months, with 28 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Whitman should serve the first 60 days of his supervised release at Connections Corrections in Warm Springs, Montana. Whitman should serve the next 180 days of his supervised release in a residential re-entry center at the direction of his probation officer.

## IV. Conclusion

The Court informed Whitman that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Whitman of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Whitman that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Justin Carlton Whitman violated the conditions of his supervised release: by using methamphetamine on two separate occasions; by failing to participate in substance abuse testing; by committing another crime; by knowingly associating with a convicted felon; by failing to provide truthful answers to questions asked by his probation officer; by failing to follow the instructions of his probation officer; by failing to report for substance abuse treatment; and by failing to notify his probation officer of a change in his living arrangements.

The Court **RECOMMENDS:**

> That the District Court revoke Whitman's supervised release and commit Whitman to the custody of the United States Bureau of Prisons for 8 months, with 28 months of supervised release to follow. Whitman should serve the first 60 days of his supervised release at Connections Corrections in Warm Springs, Montana. Whitman should serve the next 180 days of his supervised release in a residential re-entry center at the direction of his probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 18th day of August, 2023.

John Johnston
United States Magistrate Judge