IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-77-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| JUSTIN CARLTON WHITMAN, | |
| Defendant. | |

## I.  Synopsis

Defendant Justin Carlton Whitman (Whitman) has been accused of violating the conditions of his supervised release. (Doc. 77). Whitman admitted most of the alleged violations. Whitman's supervised release should be revoked. Whitman should be sentenced to custody for 12 months and one day, with no term supervised release to follow.

## II. Status

Whitman plead guilty on December 11, 2018, to the offense of Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(1)(2) as charged in Count 1 of the Indictment. (Doc. 17). Whitman was sentenced to 48 months of custody, with 3 years of supervised release to follow. (Doc. 33). Whitman's current term of supervised release began on February 13, 2024.

**Petition**

On March 3, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Whitman's supervised release. (Doc. 77). The Petition alleged Whitman violated conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on August 26 2024 and February 25, 2025; (2) failing to maintain employment by being terminated from a job on August 26, 2024, and by being terminated from a second job on February 25, 2025; (3) failing to comply with outpatient substance abuse treatment on October 23, 2024, November 6, 2024, December 23, 2024, January 22, 2025, and February 18, 2025; (4) failing to answer truthfully questions asked by his probation officer on November 6, 2025; (5) failing to report to his probation officer as instructed on January 16, 2025; (6) being in possession of brass knuckles on January 15, 2025 and February 13, 2025; and (7) using methamphetamine on February 11, 2025.

**Initial Appearance**

Whitman appeared before United States Magistrate Judge Timothy Cavan on June 24, 2025. Whitman was represented by counsel. Whitman stated that he had read the Petition and that he understood the allegations against him. Whitman waived his right to a preliminary hearing. A final revocation hearing was scheduled before this Court for July 8, 2025.

**Revocation hearing**

Whitman appeared before the Court on July 8, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Whitman admitted that he had violated the conditions of supervised release by admitting the part of allegation (1) that alleged he failed to comply with substance abuse testing requirements on August 26 2024, and the part of allegation (2) that alleged he failed to maintain employment by being terminated from a job on February 25, 2025. Whitman also admitted that he had violated the conditions of is supervised release as set forth in violations 3-7 of the Petition. Whitman's admitted violations, part of violation 1 and part of violation 2, and violations 3-7, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Whitman appeared before the Court on July 8, 2025. Whitman's violations are a Grade C. His criminal history category is VI. Whitman's underlying offense is a Class C felony. Whitman could be incarcerated for up to 24 months. Whitman

could be ordered to remain on supervised release for 28 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

## III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Whitman's supervised release should be revoked. Whitman should be sentenced to custody for 12 months and one day, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV.   Conclusion

The Court informed Whitman that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Whitman of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Whitman that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Whitman waived his right to appeal and to allocute before Judge Morris.

The Court **FINDS:**

> That JUSTIN CARLTON WHITMAN has violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on August 26 2024; (2) failing to maintain employment by being terminated from a job on February 25, 2025; (3)

failing to comply with outpatient substance abuse treatment on October 23, 2024, November 6, 2024, December 23, 2024, January 22, 2025, and February 18, 2025; (4) failing to answer truthfully questions asked by his probation officer on November 6, 2025; (5) failing to report to his probation officer as instructed on January 16, 2025; (6) being in possession of brass knuckles on January 15, 2025 and February 13, 2025; and (7) using methamphetamine on February 11, 2025.

The Court **RECOMMENDS:**

That the District Court revoke Whitman's supervised release and sentence Whitman to custody for 12 months and one day, with no term of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 9th day of July 2025.

_____
John Johnston
United States Magistrate Judge